**FILED**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

SEP 2 8 2012

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| *UNITED STATES OF AMERICA,* | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | Civil Action No. A12CV0912 LY |
| | § | |
| *$16,457.00, MORE OR LESS, IN* | § | |
| *UNITED STATES CURRENCY* | § | |
| | § | |
| *$6,274.00, MORE OR LESS, IN* | § | |
| *UNITED STATES CURRENCY,* | § | |
| **Respondents.** | § | |

## VERIFIED COMPLAINT FOR FORFEITURE

NOW COMES Petitioner United States of America, by and through the U.S. Attorney for the Western District of Texas, pursuant to Rule G, Supplemental Rules of Federal Rules of Civil Procedure, and respectfully states as follows:

### I.  NATURE OF THE ACTION

Through this action, the United States of America seeks forfeiture to the United States of the properties described below:

- $16,457.00, more or less, in United States currency; and

- $6,274.00, more or less, in United States currency.

(hereinafter referred to as the "Respondent Properties.")

### II.  STATUTORY BASIS FOR FORFEITURE

This civil forfeiture action *in rem* is brought against the Respondent Properties for violations of 21 U.S.C. §§ 801 *et seq.* subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C), which state:

1

**21 U.S.C. § 881.   Forfeiture**
    **(a)   Subject property**
    The following shall be subject to forfeiture to the United States and no property right shall exist in them:

        **(6)** All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

**18 U.S.C. § 981. Civil Forfeiture**
    **(a)(1)** The following property is subject to forfeiture to the United States:

        **(C)** Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

### III.   JURISDICTION AND VENUE

Under 28 U.S.C. § 1345, the Court has jurisdiction over an action commenced by the United States, and under 28 U.S.C. § 1355(a), jurisdiction over an action for forfeiture. This Court has *in rem* jurisdiction over the Respondent Properties under 28 U.S.C. §§ 1355(b) and 1395. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this District.

The Respondent Properties were seized in Austin, Texas on or about August 2, 2012, by law enforcement officers of the Austin Police Department (APD) and the U.S. Department of Treasury, Internal Revenue Service ("IRS"). The Respondent Properties have remained in the custody of the IRS within the jurisdiction of the United States District Court, Western District of Texas, Austin Division, and shall remain within the jurisdiction of the court pending litigation of this case.

## IV.  **FACTS IN SUPPORT OF FORFEITURE**

On or about August 2, 2012, APD executed a search warrant at 2504 Huntwick Drive, Apartment #709, Austin, Travis County, Texas ("Apartment #709") and seized $16,457.00 in cash from Sophia Guerra and $6,274.00 in cash from George Lopez.

In or about May 2012, APD officers gained information from a confidential source that Sophia Guerra was known to have an ongoing business of selling and distributing heroin in the Austin, Texas area.  The confidential source confirmed that s/he had purchased heroin directly from Guerra in the recent past and that Guerra would meet heroin purchasers in parking lots by East Riverside Drive and South Pleasant Valley Road.  The confidential source further believed that Guerra was supplied heroin by her boyfriend, George Lopez.  A telephone number was provided (*i.e.* 512-317-7931) for purposes of contacting Guerra to arrange the purchase of heroin.

On or about June 19, 2012, an APD officer conducted surveillance of Guerra at a gas station parking lot.  The officer observed Guerra sitting in the driver seat of her car when an unknown man walked up to the car, entered, and sat down in the front passenger seat, next to Guerra.  After approximately one minute, the man exited Guerra's car, got into a different car, and drove away.  From the officer's training and experience in working narcotics cases, he concluded that a narcotics transaction occurred in Guerra's car.

In or about June and July 2012, APD officers visually observed cars belonging to Guerra and Lopez parked in front of Building 7 at 2504 Huntwick Drive and observed Lopez on the back patio of Apartment #709.  On or about July 25, 2012, APD officers personally confirmed that George Lopez resided at Apartment #709 when an undercover APD officer knocked on the apartment door and George Lopez answered.

3

On or about July 31, 2012, APD conducted an exterior sniff on the front door of Apartment #709, the narcotics detection dog gave a positive alert at the front door.

Based on the foregoing facts and the extensive criminal histories of Guerra and Lopez, a "no knock" search warrant was authorized and executed on 2504 Huntwick Drive, Apartment #709, Austin, Travis County, Texas on or about August 2, 2012.   Within the apartment, Guerra was located in one bedroom with her son ("Guerra's bedroom" or "Bedroom #1"), and Lopez was located in the other bedroom ("Lopez's bedroom" or "Bedroom #2").   After being handcuffed, Guerra and Lopez were read their Miranda rights and interviewed separately by APD officers.

During her interview, Guerra revealed that she used approximately "6 balloons" of heroin a day.   A total of 37 balloons of heroin were located in Guerra's bedroom.   Additionally, there were several zippered bank pouches full of money in rubber-banded stacks of $1,000 amounts both in Guerra's bedroom and in the common areas of the apartment.   The officers determined that the cash in Guerra's bedroom and in the common areas totaled $16,457.00 belonging to Guerra. When asked why the apartment was leased in another person's name other than her or Lopez, Guerra replied that as a convicted felon no one would rent to her and added that she could not get a job so she sold heroin to support her habit.

On the dresser in Guerra's bedroom, officers located three receipts from "CT Wireless." Two of the receipts were for Lopez, and the other receipt did not have a name assigned to it but was for the telephone number 512-317-7931 (*i.e.* the same number previously given to APD as a way to contact Guerra to purchase heroin).   Officers also located all three telephones in Guerra's bedroom, including the phone associated with 512-317-7931.

Lopez was interviewed in Bedroom #2 where officers had found him.   During the search

of Lopez's bedroom, officers discovered large sums of money. When asked how much money would be found in his bedroom, Lopez first estimated about $2,000.00 and later $4,000.00. The money was located in a shoebox in the closet and underneath a nightstand. The money was counted and totaled $6,274.00. Lopez declared that only the money found in his bedroom belonged to him. When asked about the source of this money, Lopez replied that he performed "odd jobs" such as painting and mowing (although no such equipment was evident in the apartment); that he receives a Social Security check of approximately $500.00 per month; and that he sells cars off of the internet. When asked how he accessed the internet without a computer, Lopez responded that Guerra would look on the internet and find the cars for him to buy and sell. Lopez also stated that the last car he had sold was a Chevy truck about a week ago, but when asked if he completed a title transfer for the truck, Lopez said no. Furthermore, Lopez could not provide the name of the alleged person who bought the truck.

Lopez was also inconsistent in his statements about why he failed to keep the large amount of cash in a bank account. While Lopez stated that he distrusted banks, the search of his bedroom revealed two bank deposit slips:   one slip had "George Lopez" written on it while the other had "G. Lopez" written on it. Further, one of the slips documented a bank deposit on February 12, 2012, for $1,500.00 while the other documented a bank deposit on May 18, 2012, for $4,300.00. Lopez did not respond when the inconsistency of his statement and the bank deposit slips was pointed out.

Several times during the interview, Lopez emphasized that he and Guerra had completely separate bedrooms, and even though they were romantically involved at one time, they were only roommates now. However, objects that were discovered in Lopez's room belied his statements,

such as several bottles of women's perfume on his dresser and women's clothing and undergarments contained in several dresser drawers as well as Guerra's Texas State Offender identification card.   There were also a couple of photographs of Lopez and Guerra together in the bedroom.   Also, a heroin "shoot up kit" was discovered in the bathroom that adjoins Lopez's bedroom, but he denied using that particular bathroom.

During a search of the common areas of the apartment, officers found two coffee grinders and a red digital scale in the kitchen.   From training and experience in narcotics cases, APD officers know that coffee grinders are commonly used by heroin dealers to process tar heroin into powder heroin.   Further, the blades of the coffee grinders and the red digital scale all tested positive for heroin residue.

A check of Guerra's criminal history demonstrated that she is a convicted felon and has been previously incarcerated by the Texas Department of Criminal Justice (TDCJ).   Guerra has been convicted of the following offenses:   three convictions of Delivery of a Controlled Substance, a Theft conviction, a Burglary of a Building conviction, an Evading Arrest conviction, and a conviction for Failure to Identify Fugitive from Justice and Obstructing Police.

A check of Lopez's criminal history demonstrated that he has also been incarcerated in TDCJ.   Lopez has been convicted of the following offenses:   five convictions of Driving Under the Influence, three convictions of Dangerous Drugs, two convictions of Possession of a Controlled Substance, two convictions of Theft, two convictions of Aggravated Assault, a Damage to Property conviction, a Public Order Crimes conviction , a Possession of Marijuana conviction, and a Disorderly Conduct conviction.

6

According to records from the Texas Workforce Commission, Lopez has had no reportable income.   Similarly, records for Guerra indicated the last reportable income she had was in 2001.

For these reasons, the Respondent Properties are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 801 *et seq.*

## V.  **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the United States prays that due process issue to enforce the forfeiture of the Respondent Properties; that due notice, pursuant to Rule G(4), be given to all interested parties to appear and show cause why forfeiture should not be decreed;[1] that a warrant for an arrest *in rem* be ordered; that the Respondent Properties be forfeited to the United States of America; that the Respondent Properties be disposed of in accordance with the law; and for any such further relief as this Honorable Court deems just and proper.

---

[1] Appendix A, which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Respondent Property.

Respectfully submitted,

ROBERT PITMAN
UNITED STATES ATTORNEY

By: _____
DANIEL M. CASTILLO
Assistant United States Attorney
Texas State Bar No. 00793481
816 Congress Avenue, Suite 1000
Austin, Texas 78701
512-916-5858/512-916-5854 (fax)

ATTORNEYS FOR PETITIONER,
UNITED STATES OF AMERICA

8

## VERIFICATION

Special Agent Elizabeth Chapman declares and says that:

1.      I am a Special Agent with the Department of Treasury, Internal Revenue Service, Criminal Investigation, assigned to the Austin Division Office, and am the investigator responsible for the accuracy of the information provided in this litigation.

2.      I have read the above Verified Complaint for Forfeiture and know the contents thereof; the information contained in the Verified Complaint for Forfeiture has been furnished by official government sources; and based upon information and belief, the allegations contained in the Verified Complaint for Forfeiture are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _28th_ day of September, 2012.

Elizabeth Chapman, Special Agent
Department of Treasury,
Internal Revenue Service, Criminal Investigation
Austin Resident Office